**IN THE COURT OF APPEALS OF IOWA**

No. 15-1489
Filed January 11, 2017

**IN RE THE DETENTION OF**
**BRADLEY HUTCHCROFT,**
    Respondent-Appellant.

_____

    Appeal from the Iowa District Court for Dubuque County, Andrea J. Dryer,

Judge.

    Bradley Hutchcroft appeals the district court order placing him in

transitional release.  **AFFIRMED.**

    Jason Dunn, Assistant Public Defender, for appellant.

    Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.

    Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Bradley Hutchcroft was civilly committed as a sexually violent predator. *See In re Det. of Hutchcroft*, No. 11-1838, 2012 WL 5356157, at *2 (Iowa Ct. App. Oct. 31, 2012) (affirming civil commitment). Hutchcroft sought annual review. *See* Iowa Code § 229A.8 (2015). Following a hearing, the district court placed him in a transitional release program.

On appeal, Hutchcroft argues, "The trial court rendered an inconsistent verdict when it held that [he] was not suitable for complete discharge from confinement but was suitable for placement in transitional release after an annual review hearing under Iowa Code [section] 229A.8."

The State preliminarily argues the issue is moot because Hutchcroft was removed from the transitional release program and returned to confinement at the civil commitment unit. *See Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015) ("A case is moot if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent."). A finding of mootness would require dismissal of the appeal unless the court invokes exceptions to the mootness doctrine. *See Auto-Owners Ins. Co. v. Iowa Ins. Div.*, ___ N.W.2d ___, 2016 WL 6822814, at *3 (Iowa 2016); *In re B.B.*, 826 N.W.2d 425, 429 (Iowa 2013) (finding appeal involving person released from involuntary commitment was technically moot but concluding "collateral consequences" justified appellate review).

We are persuaded Hutchcroft's appeal is not moot. The order from which he appealed addressed the question of whether he should be discharged from civil commitment, in addition to the question of transitional release, and

Hutchcroft argues that if there are grounds for a transitional release there are necessarily grounds for a discharge from commitment.[1]

The State also raises additional procedural concerns. We find these concerns unpersuasive, and we proceed to the merits.

Iowa Code section 229A.8 governing annual reviews affords a committed person two methods of rebutting the presumption that a commitment should continue: "[W]hen facts exist to warrant a hearing to determine [(1)] whether a committed person no longer suffers from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses if discharged, or [(2)] the committed person is suitable for placement in a transitional release program." Iowa Code § 229A.8(1).[2] The first method, governing discharge from commitment, requires a showing that a person "no longer suffers from a mental abnormality which makes the person likely to engage in predatory acts." *Id.* The second, governing transitional release, requires a showing that "[t]he committed person's mental abnormality is no longer such that the person is a high risk to reoffend." *Id.* § 229A.8A(2)(a). At the final hearing, the State has the burden to prove beyond a reasonable doubt either that "[t]he committed person's mental abnormality remains such that the person is likely to engage in predatory acts that constitute sexually violent

---

[1] Hutchcroft asserts, "Since the Court found that [he] was eligible for the transitional release program and since one cannot be eligible for that program unless they are no longer a high risk to reoffend under Iowa Code [section] 229A.8A(2)(a), the [United States] and Iowa Constitutions require that [he] be discharged."

[2] The burden to rebut the presumption and generate a fact question on the need for continued commitment is on the committed person. *See Taft v. Iowa Dist. Ct.*, 879 N.W.2d 634, 635-36 (Iowa 2016). The ultimate burden at the final hearing in proving continued detention is required is on the State. *See In re Det. of Matlock*, 860 N.W.2d 898, 902 (Iowa 2015).

offenses if discharged" or that "[t]he committed person is not suitable for placement in a transitional release program pursuant to section 229A.8A." Iowa Code § 229A.8(6)(d)(1), (2). Put another way, discharge is appropriate only where persons no longer have mental abnormalities that makes them likely to engage in predatory acts, whereas transitional release may be appropriate as long as persons are not at a high risk to reoffend. The two dispositions are not inconsistent.

We conclude the district court's transitional release order did not offend the statute or, as Hutchcroft also argues, the United States and Iowa Constitutions. We affirm the transitional release order.

**AFFIRMED.**